# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MACARTHUR REMBERT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:15-cv-0949 |
| ) | |
| JUDGE MARK J. FISHBURN, ) | Senior Judge Haynes |
| ASSISTANT D.A. JAN NORMAN, ) | |
| ATTORNEY COURTNEY A. TEASLEY, ) | |
| POLICE OFFICER [N/F/N] FLOURNOY, ) | |
| DETECTIVE WILLIE MIDDLETON, and ) | |
| DETECTIVE DEAN HANEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, MacArthur Rembert, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Judge Mark J. Fishburn, Assistant D.A. Jan Norman, Attorney Courtney A. Teasley, Police Officer [n/f/n] Flournoy, Detective Willie Middleton, and Detective Dean Haney. The complaint (Docket Entry No. 1) is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

Plaintiff alleges that he was arrested in October 2012 without probable cause and without a warrant by Defendant Flournoy, despite the existence of a videotape that proved Plaintiff's innocence. Plaintiff insists that the arrest without probable cause violated his rights under the Fourth Amendment.

Plaintiff also alleges that Defendant Flournoy lied during court proceedings and that Defendant Willie Middleton wrote a false affidavit stating a witness had identified Plaintiff as the

perpetrator of a burglary. Plaintiff has now been incarcerated for two years based on Middleton's and Flournoy's false statements and false reports. Plaintiff claims that "[a]ll other defendants" violated Plaintiff's rights because they had knowledge of the unlawful arrest.

Plaintiff asserts that Officer Flournoy violated his Fifth Amendment rights by taking a statement from him without apprising him of his rights, in accordance with *Miranda v. Arizona*, 384 U.S. 436 (1966).

Plaintiff seeks relief in the form of immediate release from custody, declaratory and injunctive relief in the form of a federal criminal investigation into Defendants' actions, that Judge Fishburn be required to recuse himself from presiding over the criminal proceedings against Plaintiff, and that Attorney Teasley be required to withdraw from representing Plaintiff. He also demands $1.8 million in compensatory and punitive damages.

As an initial matter, the Court notes that relief in the form of immediate release from custody is only available through an action for the writ of habeas corpus under 28 U.S.C. § 2254. A petitioner may typically pursue federal habeas corpus relief only after exhausting all possible avenues for relief in the state courts, for example by pursuing a direct appeal of the state-court conviction and, if that route is unsuccessful, by pursuing a post-conviction petition in the state courts. Because it does not appear from the present complaint that Plaintiff has exhausted his state-court remedies, the Court declines to construe the complaint as a petition for the writ of habeas corpus. Instead, the Court construes the complaint as asserting claims under § 1983 based on false arrest and malicious prosecution.

The false-arrest claims are subject to dismissal because they are time-barred. Because there is no applicable "statute of limitations governing § 1983 actions, 'federal courts must

borrow the statute of limitations governing personal injury actions in the state in which the section 1983 action was brought.'" *Wolfe v. Perry*, 412 F.3d 707, 713–14 (6th Cir. 2005) (quoting *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003)). The statute of limitations for personal injury actions arising in Tennessee and brought under the federal civil rights statutes is one year. Tenn. Code Ann. § 28-3-104(a)(3); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005).

Although the statute of limitations for § 1983 is borrowed from state law, a § 1983 action accrues and the statutory period begins to run according to federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Typically, the statute of limitations for filing an action alleging a constitutional violation begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)); *see also Roberson*, 399 F.3d at 794 ("A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence."). In cases of alleged Fourth Amendment violations brought under § 1983, the statute of limitations begins to run on the date that the alleged constitutional violations occurred. *Wallace*, 549 U.S. at 388. Thus, the statute of limitations for a § 1983 action alleging an unlawful arrest without probable cause accrues when the false imprisonment ends. *Id.* at 389. "[A] false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.*

In this case, Plaintiff was arrested in 2012. The exhibits attached to the complaint indicate that he was arraigned on Indictment No. 2013-A-684 on March 27, 2013. (Docket Entry No. 1-1,

at 3.) Thus, Plaintiff's false-arrest claims accrued no later than March 27, 2013, and the statute of limitations for these claims expired one year later on March 27, 2014. Plaintiff did not file the present action until more than a year after that. The false-arrest claims are therefore subject to dismissal with prejudice.

Malicious prosecution, however, is an "entirely distinct" tort characterized by "detention accompanied, not by absence of legal process, but by *wrongful institution* of legal process." *Wallace*, 549 U.S. at 390 (emphasis in original; internal citation omitted). To prevail on a claim of malicious prosecution in violation of § 1983, Plaintiff must allege, among other elements, the termination of the underlying judicial proceedings in Plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994). Plaintiff here does not allege that the underlying criminal prosecution against him has terminated at all, much less in his favor. His malicious-prosecution claims are therefore premature and, as such, subject to dismissal without prejudice to Plaintiff's ability to reassert such claims if he is eventually exonerated on the pending charges.

Plaintiff does not identify the basis for his claims against Judge Fishburn or defense counsel Courtney Teasley. Regardless, the claims against Judge Fishburn must be dismissed with prejudice because the judge is entitled to absolute judicial immunity from suit for damages under § 1983. *See Mireles v. Waco*, 502 U.S. 9, 10–11, (1991) (reconfirming that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting maliciously, erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir. 1996) (citing *Mireles*, 502 U.S. at 9). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for the alleged deprivation of civil rights. *Pierson v. Ray*, 386 U.S. 547, 554–55 (1967).

Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions that, though judicial in nature, are taken in complete absence of all jurisdiction. *Id.* at 12. The instant complaint fails to implicate either of the exceptions to judicial immunity. Moreover, Plaintiff is not entitled to injunctive relief against Judge Fishburn. *See* 42 U.S.C. § 1983 (injunctive relief is not available "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable"). Accordingly, Judge Fishburn is absolutely immune from suit and the complaint against him must be dismissed with prejudice on that basis.

Plaintiff's § 1983 claims against his defense counsel, Courtney Teasley, fail too, because a defense attorney, whether privately retained or appointed by the court, is not a state actor or person who acts under color of state law and therefore cannot be liable under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and therefore cannot be liable under § 1983); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (holding that a private attorney, even if appointed by the court, does not act under color of state law). Insofar as Plaintiff seeks to bring claims against his attorney for ineffective assistance of counsel or attorney negligence, such claims are premature and will be dismissed without prejudice.

An appropriate Order is filed herewith.

ENTERED this the 6th day of October, 2015.

_____
WILLIAM J. HAYNES, JR.
Senior United States District Judge